1534

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal No. 16-125 |
| | ) | |
| ERIC JAMES STULL | ) | |

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, David J. Hickton, United States Attorney for the Western District of Pennsylvania, and Jessica Lieber Smolar, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

### I. THE INDICTMENT

A Federal Grand Jury returned a forty-one-count Indictment against the above-named defendant for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1-39 | Production of Material Depicting the Sexual Exploitation of a Minor<br>April 3, 2016 (Count 1)<br>December 26, 2015 (Count 2)<br>December 1, 2015 (Count 3)<br>October 6, 2015 (Count 4)<br>January 4, 2015 (Count 5)<br>November 4, 2014 (Count 6)<br>March 9, 2014 (Count 7)<br>December 23, 2013 (Count 8)<br>December 22, 2013 (Count 9)<br>December 3, 2013 (Count 10)<br>November 2, 2013 (Count 11)<br>September 21, 2013 (Count 12)<br>September 15, 2013 (Count 13) | 18 U.S.C. §§ 2251(a) and (e) |

**FILED**

JUN -7 2016

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

    July 11-12, 2013 (Count 14)
    July 9, 2013 (Count 15)
    June 4, 2013 (Count 16)
    March 17, 2013 (Count 17)
    January 26, 2013 (Count 18)
    December 1-2, 2012 (Count 19)
    September 26, 2012 (Count 20)
    April 13, 2012 (Count 21)
    March 31, 2012 (Count 22)
    March 29, 2012 (Count 23)
    November 6, 2011 (Count 24)
    September 24, 2011 (Count 25)
    September 17, 2011 (Count 26)
    May 3, 2011 (Count 27)
    March 20, 2011 (Count 28)
    February 19, 2011 (Count 29)
    November 17, 2010 (Count 30)
    November 15, 2010 (Count 31)
    October 15, 2010 (Count 32)
    June 27, 2010 (Count 33)
    May 9, 2010 (Count 34)
    February 11, 2010 (Count 35)
    January 31, 2010 (Count 36)
    October 17, 2009 (Count 37)
    January 15, 2008 (Count 38)
    May 8, 2006 (Count 39)

| | | |
|---|---|---|
| 40 | Distribution of Material Depicting the Sexual Exploitation of a Minor<br>July 21, 2015 | 18 U.S.C. § 2252(a)(2) |
| 41 | Possession of Material Depicting the Sexual Exploitation of a Minor<br>April 29, 2016 | 18 U.S.C. § 2252(a)(4)(B) |

## II. ELEMENTS OF THE OFFENSES

### A. As to Counts One through Thirty-Nine:

In order for the crime of Production of Material Depicting the Sexual Exploitation of a Minor, in violation of Title 18, United States Code, Sections 2251(a) and (e), to be

established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That the defendant employed, used, persuaded, induced, enticed or coerced a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, or attempted to do so, as those terms are defined in Title 18, United States Code, Section 2256.

Title 18, United States Code, Section 2251(a).

2. At the time of the offense, the minor was under the age of eighteen years.

Title 18, United States Code, Section 2251(a).

3. That the defendant knew or had reason to know that such visual depiction would be transported in and affecting interstate and foreign commerce or was produced using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer.

Title 18, United States Code, Section 2251(a).

**B. As to Count Forty:**

In order for the crime of Distribution of Material Depicting the Sexual Exploitation of a Minor, in violation of 18 U.S.C. § 2252(a)(2), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That the defendant knowingly distributed a visual depiction of a minor in interstate or foreign commerce or using an instrument of interstate commerce, by any means including by cellular telephone and computer, or through the United States mail.

3

Title 18, United States Code, Section 2252(a)(2); <u>United States v. X-Citement Video</u>, 115 S.Ct. 464 (1994); <u>United States v. Gallardo</u>, 915 F.2d 149 (5th Cir. 1990).

2. That the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct, as those terms are defined in Title 18, United States Code, Section 2256, and the defendant knew the visual depiction was of a minor.

Title 18, United States Code, Section 2252(a)(2); <u>United States v. McCormick</u>, 675 F.Supp. 223 (M.D. Pa. 1987), <u>United States v. X-Citement Video</u>, 115 S.Ct. 464 (1994).

3. That the visual depiction is of such conduct.

Title 18, United States Code, Section 2252(a)(2)(B).

**C.    As to Count Forty-One:**

In order for the crime of Possession of Material Depicting the Sexual Exploitation of a Minor, in violation of Title 18, United States Code, Section 2252(a)(4)(B), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That the defendant knowingly possessed one or more items which contained a visual depiction of a minor engaging in sexually explicit conduct.

> Title 18, United States Code, Section 2252(a)(4)(B).

2. That the item which contained the visual depiction had been mailed, transported or shipped in interstate commerce, or had been produced using materials which had been mailed or transported or shipped in interstate commerce.

> Title 18, United States Code, Section 2252(a)(4)(B).

4

3. That the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, as those terms are defined in Title 18, United States Code, Section 2256.

Title 18, United States Code, Section 2252(a)(4)(B).

4. That the images involved prepubescent minors or minors who have not attained 12 years of age.

### III. PENALTIES

**A. As to Counts One through Thirty-Nine: Production of Material Depicting the Sexual Exploitation of a Minor (18 U.S.C. §§ 2251(a) and (e)):**

1. Imprisonment of not less than fifteen (15) years, nor more than thirty (30) years, but if such person has a prior conviction under Title 18, United States Code, Chapter 110, Chapter 71, Chapter 109A, Chapter 117, or under Section 920 of Title 10 or under the laws of any state relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or sex trafficking of children, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, such person shall be imprisoned for not less than twenty-five (25) years, nor more than fifty (50) years, but if such person has two or more such prior convictions, such person shall be imprisoned not less than thirty-five (35) years, nor more than life (18 U.S.C. § 2251(d)).

2. A fine of $250,000.00 (18 U.S.C. § 3571(b)(3)).

3. Supervised release for any term of years not less than 5, or life (18 U.S.C. § 3583(k)).

5

4. Any or all of the above.

**B. As to Count Forty: Distribution of Material Depicting the Sexual Exploitation of a Minor (18 U.S.C. § 2252(a)(2)):**

1. Imprisonment of not less than five (5) years and not more than twenty (20) years, but if the defendant has a prior conviction under Title 18, United States Code, Chapter 110, Chapter 71, Chapter 109A, Chapter 117 or under Section 920 of Title 10, or under the laws of any state relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, such person shall be fined under this title and imprisoned not less than 15 years nor more than 40 years.

2. A fine of $250,000.00 (18 U.S.C. § 3571(b)(3)).

3. A term of supervised release of at least 5 years, and up to life (18 U.S.C. § 3583(k)).

4. Any or all of the above.

**C. As to Count Forty-One: Possession of Material Depicting the Sexual Exploitation of a Minor (18 U.S.C. § 2252(a)(4)(B)):**

1. Imprisonment of not more than ten (10) years, but if any image of child pornography involved in the offense involved a prepubescent minor or a minor who had not attained 12 years of age, the defendant shall be fined under this title and imprisoned for not more than 20 years, or if the defendant has a prior conviction (Title 18, United States Code, Chapter 110, Chapter 71, Chapter 109A, Chapter 117 or under Section 920 of Title 10) or under the laws of any state relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a

minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, such person shall be fined under this title and imprisoned not less than 10 years nor more than 20 years.

    2.  A fine of $250,000.00 (18 U.S.C. §3571(b)(3)).

    3.  A term of supervised release of at least 5 years, up to life (18 U.S.C. §3583(k)).

    4.  Any or all of the above.

## IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

## V. RESTITUTION

Restitution may be ordered in this case as to Counts One through Forty-One, together with any authorized penalty, as part of the defendant's sentence pursuant to 18 U.S.C. §§ 3663, 3663A and 2259.

## VI. FORFEITURE

As set forth in the Indictment, forfeiture may be applicable in this case.

                Respectfully submitted,

                DAVID J. HICKTON
                United States Attorney

                JESSICA LIEBER SMOLAR
                Assistant U.S. Attorney
                PA ID No. 65406